## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| HILLARY SCOTT, CHARLES KELLEY, DAVID HAYWOOD, AND LADY A ENTERTAINMENT LLC, | )<br>)<br>)<br>) |
| PLAINTIFFS, | )<br>) NO. _____ |
| VS | )<br>) |
| ANITA WHITE, | ) JUDGE _____<br>) |
| DEFENDANT. | )<br>) |

### **PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Hillary Scott, Charles Kelley, David Haywood, and Lady A Entertainment LLC file this Original Complaint and allege as follows:

### **I. PARTIES**

1. Plaintiff Hillary Scott ("Scott") is an individual who is a citizen and resident of Brentwood, Tennessee.

2. Plaintiff Charles Kelley ("Kelley") is an individual who is a citizen and resident of Nashville, Tennessee.

3. Plaintiff David Haywood ("Haywood") is an individual who is a citizen and resident of Nashville, Tennessee.

4. Plaintiff Lady A Entertainment LLC ("LAE," and collectively with Scott, Kelley, and Haywood, "Plaintiffs") is a Tennessee limited liability company with its principal place of business located at 2300 Charlotte Avenue, Suite 103, Nashville, Tennessee 37203.

5. Defendant Anita White ("White") is an individual who is a citizen and resident of Seattle, Washington. White is a blues, soul, and funk musician who—according to publicly-available information—has performed live music in the Pacific Northwest, particularly Seattle,

and in various locations throughout the United States, including a recent performance in January of 2020 at the "Her Majesty Presents 2020 Showcase" in Tennessee. White markets herself as frequently performing in Memphis.

## II. NATURE OF THE ACTION

6. This case arises from White's attempt to enforce purported trademark rights in a mark that Plaintiffs have held for more than a decade. Plaintiffs seek a declaratory judgment that, among other things, their use of their trademarks incorporating "Lady A" do not infringe any of White's alleged trademark rights in "Lady A." Plaintiffs do not seek monetary damages through this action.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), involving alleged violations of the Lanham Act. The Court further has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 over actions for declaratory judgment.

8. This Court has specific personal jurisdiction over White because White has purposefully availed herself of doing business in Tennessee. Upon information and belief, White performs concerts in Tennessee and directs to Tennessee advertising for such musical performances. Most recently, White performed at the "Her Majesty Presents 2020 Showcase" in Memphis, Tennessee, in January, 2020. In addition, White directed contacts to the State of Tennessee during the parties' attempted negotiation of a coexistence agreement, including retaining for the purposes of the negotiations an attorney located in Memphis, Tennessee, directing written correspondence to Plaintiffs, and participating in telephone conferences and a Zoom videoconference with Plaintiffs while White was aware that Plaintiffs were located in Tennessee.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because White is subject to personal jurisdiction in this judicial district and because a substantial part of the events giving rise to this action occurred in this judicial district.

### IV. **FACTUAL ALLEGATIONS**

10. Scott, Kelley, and Haywood (collectively, the "Musical Group") are members of a band that, until June 11, 2020, used the federally-registered brand names "Lady Antebellum" and "Lady A" to promote their goods and services. However, in recognition of the hurtful connotations of the word "antebellum," the Musical Group announced on June 11, 2020 that they would discontinue using their "Lady Antebellum" brand and use only the federally-registered "Lady A" brand moving forward. Notably, the Musical Group started using "Lady A" as a source indicator for their goods and services as early as 2006-2007, adopting as an official brand a name their fans began associating with the Musical Group as they rose to popularity. The Musical Group has used "Lady A" interchangeably with "Lady Antebellum" since the 2006-2007 timeframe.

11. Indeed, as early as 2008, the Musical Group's own website referred to the band as simply "Lady A."



See https://web.archive.org/web/20080201172701/http://ladyantebellum.musiccitynetworks.com/ (last accessed on July 7, 2020).

12.     Since the band's formation, the Musical Group has formed multiple legal entities, the first of which, Lady A'D Productions, Inc., was formed in Tennessee in 2007. *See* Exhibit A. They subsequently formed LAE in Tennessee in 2010. *See* Exhibit B. LAE is the successor in interest (as of August 30, 2010) to trademark rights initially established by Lady A'D Productions, Inc.

13.     Also in 2010, the band's website provided the ability for fans to "buy all of [their] favorite Lady A songs through the online store," advertised the "Official Lady A Merch Store," and invited users to view behind the scenes video footage that included a "Lady A" watermark on the bottom corner of the video.







14. On May 18, 2010, Lady A'D Productions, Inc. applied to register "Lady A" in International Class 41 for entertainment services, including live musical performances and streaming musical programming. The first use date was identified as 2006, and the first-use-in-commerce date was identified as 2008. *See* Exhibit C. The application was assigned to Plaintiff LAE on August 30, 2010. *See* Exhibit D. The application was published for opposition on October 19, 2010, and registered on July 26, 2011 (U.S. Reg. No. 4004006) after no oppositions were filed by any person or entity, including White. *See* Exhibit E. On May 1, 2017, Plaintiff LAE filed its Combined Declaration of Use and Incontestability under Sections 8 & 15 with the United States

Patent and Trademark Office ("USPTO"), which was accepted by the USPTO on June 28, 2017, acknowledging the registration's incontestability. *See* Exhibit F.

15. On May 18, 2010, Lady A'D Productions, Inc. also applied to register "Lady A" in International Class 9 for musical recordings, which was assigned to Plaintiff LAE on August 30, 2010 and published for public opposition on October 19, 2010. *See* Exhibit C, D. Again, no oppositions were filed by any person or entity, including White, and the USPTO issued U.S. Registration Number 4292685. *See* Exhibit G. Plaintiff LAE filed its Combined Declaration of Use and Incontestability under Section 9 with the USPTO, which was accepted on September 5, 2019, acknowledging the registration's incontestability. *See* Exhibit H.

16. On July 21, 2010, Lady A'D Productions, Inc. applied to register "Lady A" in International Class 25 for clothing. *See* Exhibit I. That application, which was assigned to Plaintiff LAE on August 30, 2010, was published for public opposition on July 12, 2011, and after no oppositions were filed, the USPTO issued U.S. Registration Number 4030752 on September 27, 2011. *See* Exhibit D, J. Plaintiff LAE filed its Combined Declaration of Use and Incontestability under Sections 8 & 15 on December 4, 2017, acknowledging the registration's incontestability. *See* Exhibit K. U.S. Trademark Registration Nos. 4004006, 4030752, and 4292685 are collectively, the "LADY A Registrations."

17. White did not oppose any of LAE's applications for the LADY A mark.

18. White has not sought to cancel any of the LADY A Registrations.

19. Prior to 2020, White did not challenge, in any way, Plaintiffs' open, obvious, and widespread nationwide and international use of the LADY A mark as a source indicator for Plaintiffs' recorded, downloadable, and streaming music and videos, Plaintiffs' live musical performances, or Plaintiffs' sale of souvenir merchandise.

20. The Musical Group's use of "Lady A" as a brand was not minor or insignificant. Indeed, the media and the Musical Group's fans strongly associated the "Lady A" brand with the Musical Group in highly-visible ways.



21. Over the course of their decade-plus career, Lady A has become one of the twenty-first century's premier vocal groups, blending deeply-felt emotions with classic Country sounds. As a Country-radio staple, the trio has amassed record-breaking success, ushering in ten No. 1 hits with more than 18 million album units, 34 million tracks sold, and nearly five billion digital streams. Known for their 9X Platinum hit "Need You Now" which is the highest certified song by a Country group, they have earned ACM and CMA "Vocal Group of the Year" trophies three years in a row and countless other honors including seven GRAMMY awards, Billboard Music Awards, People's Choice Awards, Teen Choice Awards, and a Tony Award nod.

22. The Musical Group recently learned that White, a blues, soul, and funk artist located in Seattle, Washington, performs under the stage name "Lady 'A'" in the Pacific Northwest, Louisiana, Mississippi, and Tennessee. According to publicly-available information,

White used "Lady 'A'" to identify herself as the performer on recorded music originally released in 2010, 2013, 2016, and 2018. Although White's recorded music and the Musical Group's recorded music both appear on Spotify, each party's music is immediately distinguishable. For example, the Musical Group has a unique Lady A artist page with over 7 million monthly listeners featuring only the Musical Group's music (including its album artwork) beneath a prominent photo of the Musical Group, while White has a separate unique Lady "A" artist page with (as of filing) 166 monthly listeners featuring three of her four albums (including her album artwork) beneath a prominent photo of White. In addition, there is another Lady A artist page with White's photo at the top, but the page combines at least four musical artists performing recorded music under the name Lady A (one of which is White, but none of which are the Musical Group).

23. Based on information and belief, White has never used "Lady 'A'" as a trademark to identify her goods or as a service mark to identify her entertainment services. If, at any point, White's use of "Lady 'A'" to identify herself as a musical performer became a trademark use, such trademark use began after Plaintiffs established their trademark and service mark rights in the LADY A mark.

24. Based on information and belief, White has never applied to register "Lady 'A'" as a trademark or service mark.

25. Upon information and belief, no consumers have been confused with the source of Plaintiffs' music and the source of White's music.

26. Plaintiffs contacted White, seeking to reach agreement on continuing to share the use of "Lady A" as they had for 14 years (Plaintiffs as a trademark and service mark for their Musical Group and its goods/services, and White as the name of a musical performer) and set up a videoconference with White. On June 15, 2020, White posted on her Instagram account, under

username @ladya_bluesdiva, a photo from the parties' Zoom videoconference. The photo included the following caption: "Today, we connected privately with the artist Lady A. Transparent, honest, and authentic conversations were had. We are excited to share we are moving forward with positive solutions and common ground. The hurt is turning into hope. More to come."



See https://www.instagram.com/p/CBeiDpAHN6z/ (last accessed on July 7, 2020).

27. Plaintiffs and White – and later Plaintiffs' counsel and White's counsel – discussed various forms of cooperation through which not only would the Plaintiffs and White continue to peacefully coexist, but Plaintiffs would support White's musical career. During their Zoom conference, Plaintiffs and White discussed co-writing and jointly recording a new song that would be promoted and commercialized by the parties, and soon afterward, began collaborating on the writing process.

28. After Plaintiffs' counsel prepared and delivered a draft agreement memorializing the discussions between Plaintiffs and White, White provided a quote to *Newsday* that "I received a draft agreement from the Antebellum camp. I'm not happy about [it] yet again after talking in good faith . . . Their camp is trying to erase me and I'll have more to say tomorrow. Trust is important and I no longer trust them." *See* https://www.newsday.com/entertainment/music/lady-antebellum-lady-a-1.45795425 (last accessed on July 8, 2020).

29. Notwithstanding White's comments, her counsel continued to negotiate a draft agreement with Plaintiffs' counsel. Other than a nominal reimbursement of attorneys' fees, a monetary payment was never offered or demanded.

30. The next day (June 25th), at 10:27 PM EST, White's new counsel contacted Plaintiffs' counsel, stating, in pertinent part, that "Cooley LLP represents Ms. White in connection with trademark *litigation* matters. Please direct all future communications concerning *the dispute* between Lady Antebellum and Ms. White to us" and "We possess what we believe is the latest proposed settlement agreement. We are reviewing the agreement now. We will respond in due course." (emphasis added).

31. Eleven days later (July 7th), without any discussion or context (notwithstanding Plaintiffs' attempts to contact White's new counsel) and notwithstanding White's Instagram post 21 days prior extolling the Musical Group's and White's join goal of turning "hurt into hope," White's new counsel delivered a draft settlement agreement that included an exorbitant monetary demand, while maintaining the cooperation and collaboration obligations. *See* Exhibit L, filed under seal. Paired with White's public statements, White's demand for an exorbitant payment in exchange for continued coexistence, notwithstanding the previous absence of discussion of *any* payment (other than reimbursement of nominal attorneys' fees), gives rise to imminent

controversy, demonstrating a course of action from which a threat of suit could be inferred based on White's charge of infringement, and giving rise to this Court's jurisdiction under 28 U.S.C. §§ 2201 and 2202.

32. Plaintiffs do not wish to prohibit White from performing under the name "Lady A" or otherwise identifying herself as a musical performer named "Lady A," nor do Plaintiffs seek any monetary damages whatsoever. Rather, Plaintiffs simply wish that the parties continue to coexist, and that Musical Group be permitted to continue using the LADY A mark, for which LAE holds the incontestable LADY A Registrations and for which the Musical Group's goods and services have been identified for over a decade around the world.

33. Through this action, Plaintiffs further seek a declaration that their continued use of the LADY A mark does not infringe on any of White's alleged trademark rights or her non-trademark use of "Lady A" to identify herself as a musical performer.

## V. <u>CAUSE OF ACTION</u>

**(Declaratory Judgment Under 28 U.S.C. § 2201)**

34. Plaintiffs incorporate the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

35. An actual case or controversy exists between Plaintiffs and White as to Plaintiffs' continued use of the LADY A mark in connection with, among other things, musical recordings, performances, and merchandise.

36. White has asserted that Plaintiffs do not have the right to use the LADY A mark due to her use of "Lady A".

37. Plaintiffs seek a declaration from this Court that they are lawfully using the LADY A mark and that their use of the mark and intent to continue using the mark do not infringe any

rights White may have under state or federal law, including any rights under the Lanham Act, 15 U.S.C. § 1501, *et seq.*

38. This Court has jurisdiction over the claim asserted in this Complaint.

39. This controversy is ripe for adjudication.

## VI. **PRAYER FOR RELIEF**

40. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and:

   a. Enter a declaratory judgment that Plaintiffs' use of the LADY A mark does not and would not infringe upon or otherwise violate any of White's claimed rights in "Lady A," including any trade names or common law rights;

   b. Enter a declaratory judgment confirming that LAE's LADY A Registrations are valid, subsisting, and incontestable; and

   c. Grant other such further relief, in law or at equity, to which Plaintiffs may be entitled.

DATED: July 8, 2020                    Respectfully Submitted,

**GREENBERG TRAURIG LLP**

By: */s/ Mary-Olga Lovett*
**Mary-Olga Lovett (TX SBN: 00789289)**
*Pro Hac Vice* forthcoming
lovettm@gtlaw.com

1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: 713.374.3570

**NEAL & HARWELL, PLC**


By:  */s/ William T. Ramsey*
     William T. Ramsey (BPR #9245)
     Mozianio S. Reliford, III (BPR #36170)
1201 Demonbreun St., Suite 1000
Nashville, TN  37203
(615) 244-1713
wtr@nealharwell.com
treliford@nealharwell.com


*Attorneys for Plaintiffs Hillary Scott, Charles Kelley, David Haywood, and Lady A Entertainment LLC*