# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HILLARY SCOTT, CHARLES KELLEY, DAVID HAYWOOD, AND LADY A ENTERTAINMENT LLC, <br><br> Plaintiffs / Counterclaim-Defendants <br><br> v. <br><br> ANITA WHITE, <br><br> Defendant / Counterclaim-Plaintiff. | No. 3:20-cv-00585 <br><br> District Judge William L. Campbell, Jr. <br> Magistrate Judge Barbara D. Holmes <br><br> **[PROPOSED] Stipulated ESI Protocol** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs and Counterclaim-Defendants ("Plaintiffs") and Defendant and Counter-Claim Plaintiff ("Defendant") (collectively, "Parties" and each a "Party"), by their respective counsel in this action, stipulate and agree that the following discovery protocol shall govern the search and production of electronically stored information ("ESI"), and the production of paper documents in electronic form, in this action ("ESI Protocol"). This ESI Protocol shall govern the production of documents that are relevant and responsive to Requests for Production of Documents and, if applicable, Interrogatories as well as documents that otherwise need to be produced under applicable law. The Parties intend for the ESI Protocol to supplement the Federal Rules of Civil Procedure, and any other applicable orders or rules.

1. **COOPERATION**

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

## 2. SEARCH AND IDENTIFICATION

Each Party shall search all reasonably accessible locations in its possession, custody, or control (e.g., emails, documents, local drives, etc.) that that Party has a reason to believe contain documents responsive to Requests for Production of Documents. The Parties are permitted to use reasonable search methods to identify ESI to be reviewed for production in discovery (e.g., search terms). The Parties agree to meet and confer in good faith if concerns arise regarding the Parties' respective methods to search for and identify ESI that is subject to discovery.

## 3. THIRD-PARTY ESI

a) A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena and state that the Parties to the litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

b) The Issuing Party is responsible for producing any documents obtained under a subpoena to the other Party as soon as practicable. If the Issuing Party receives any hard-copy documents or native files, the Issuing Party shall process the documents in accordance with the provisions of this ESI Protocol, and then produce the processed documents to the other party. However, any documents the Issuing Party does not intend to process for its own use may be disseminated to all the other parties in the format in which such documents are received by the Issuing Party. If the Issuing Party subsequently processes any such documents, the Issuing Party shall produce those processed documents to the other party.

c) If the non-party production is not Bates-stamped, the Issuing Party shall endorse the non-party production with unique prefixes and Bates numbers prior to production to the other Party.

d) **PRODUCTION FORMATS**

The Parties agree to produce ESI in the format described in Appendix A. If particular ESI warrants a different format, the Parties shall cooperate to arrange for the mutually acceptable production of such ESI. The parties agree not to degrade the searchability of ESI as part of the document production process.

e) **MODIFICATION**

This Stipulated Order may be modified by stipulation of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: September 22, 2021

| GREENBERG TRAURIG LLP | COOLEY LLP |
|---|---|
| By: */s/ Mary-Olga Lovett*<br>Mary-Olga Lovett (*Pro Hac Vice*)<br>Aimee Housinger (*Pro Hac Vice*)<br><br>1000 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>Telephone: 713.374.3570<br>lovettm@gtlaw.com<br>housingera@gtlaw.com<br><br>**NEAL & HARWELL, PLC**<br><br>William T. Ramsey (TN BPR #9245)<br>Mozianio S. Reliford III (BPR #36170)<br><br>1201 Demonbreun St., Suite 1000<br>Nashville, TN 37203<br>(615) 244-1713<br>wtr@nealharwell.com<br>treliford@nealharwell.com<br><br>***Attorneys for Plaintiffs and Counterclaim Defendants Hillary Scott,*** | By: */s/Judd Lauter*<br>Brendan J. Hughes (*Pro Hac Vice*)<br>Jane van Benten (*Pro Hac Vice*)<br>1299 Pennsylvania Avenue NW, Suite 700<br>Washington, D.C. 20004-2446<br>Tel.: (202) 842-7800<br>Fax: (202) 842-7899<br>Email: bhughes@cooley.com<br>jvanbenten@cooley.com<br><br>Joseph M. Drayton (*Pro Hac Vice*)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel.: (212) 479-6000<br>Fax: (212) 479-6275<br>jdrayton@cooley.com<br><br>Judd D. Lauter (*Pro Hac Vice*)<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Tel.: (650) 843-5960<br>Fax: (650) 843-7400 |

*Charles Kelley, David Haywood, and, Lady A Entertainment LLC*

Email: jlauter@cooley.com

**BRADLEY ARANT BOULT CUMMINGS LLP**

Junaid Odubeko (BPR No. 23809)
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: 615.252.4635
Facsimile: 615.248.3035
Email: jodubeko@bradley.com

*Counsel for Defendant and Counterclaim Plaintiff Anita White*

**IT IS SO ORDERED** that the foregoing Stipulated ESI Protocol is approved.

Dated: _____   _____

Judge Barbara D. Holmes
United States Magistrate Judge

# Exhibit 1
# Document Production Format

## I. Definitions

The following definitions apply to these instructions:

A. **"Database"** means an electronic collection of structured data (often maintained in a non-custodial manner), such as data created and maintained in Oracle, SAP, SQL, or Microsoft Access.

B. **"ESI"** or **"Electronic Document"** refers to information stored in electronic form including word processing files (*e.g.*, Microsoft Word), computer presentations (*e.g.*, Microsoft PowerPoint), spreadsheets (*e.g.*, Microsoft Excel) and email, together with the available metadata associated with each such document.

C. **"Extracted Text"** refers the result of the process by which textual content of an Electronic Document is extracted by eDiscovery processing or indexing software.

D. **"Load File"** refers to a file or files issued with each production providing a map to the images and metadata or coding associated with the records in the production.

E. **"Native Format"** as used herein, means the default format of an Electronic Document created by its associated software program. For example, Microsoft Excel produces its output as '.xls' files by default, which is the Native Format of Excel.

F. **"OCR"** refers to optical character recognition, or the result of the process by which a hard copy or non-searchable Electronic Document is analyzed by a computer in order to glean the textual content of the document.

## II. Production Format

With the exception of documents to be provided in Native Format described in Paragraph E, documents shall be produced as Bates Numbered tagged image file format ("TIFF") images

accompanied by an image Load File, a data Load File with fielded metadata, document-level Extracted Text for ESI, and OCR text for scanned hard copy documents and ESI that does not contain extractable text.

A.  **De-duplication.**  The producing party shall use industry standard Md5 or Sha-a hash comparison methods to globally de-duplicate all files identified for production.  Loose Electronic Documents shall not be compared to email attachments for de-duplication purposes.  Emails shall be deduplicated at the family level (i.e., an email and its attachments shall be considered together for deduplication purposes).  Hard copy documents containing handwritten notes shall not be considered as duplicative of any other document.

B.  **Document Unitization.**  Where documents with attachments are produced, they shall be attached in the same manner as included in the original file.  Where documents are produced and all attachments thereto are not included, the producing party shall identify the missing attachments by means of a "place holder" file, and explain the reason for their non-production.  Documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, shall be produced in a manner that reflects these divisions.  Where the producing party converts paper documents into electronic format, distinct documents must not be merged into a single record, and single documents must not be split into multiple records (*i.e.*, paper documents must be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields.

C. **Production Delivery.** Productions shall be delivered via FTP, or another secure data transfer method.

D. **TIFF Image Requirements.**

1. TIFF images shall be produced in black and white, 300x300 dpi Group IV single-page format and consecutively Bates Numbered.

2. Images shall include the following content where present:

   a. For word processing files (*e.g.*, Microsoft Word): Comments, "tracked changes," similar in-line editing and all hidden content contained within the document.

   b. For presentation files (*e.g.*, Microsoft PowerPoint): Speaker notes, comments and all other hidden content.

   c. For spreadsheet files (*e.g.*, Microsoft Excel – if applicable): Hidden columns, rows, and sheets; comments, and "tracked changes" and any similar in-line editing or hidden content.

E. **Native Production Requirements.**

1. Spreadsheet files (*e.g.*, Microsoft Excel and .Csv files) are to be provided in Native Format.

   a. In lieu of a full TIFF image version of each spreadsheet file, a single placeholder image bearing the relevant Bates number and confidentiality designation shall be produced.

   b. When redaction of a spreadsheet is necessary, a redacted full TIFF version may be produced provided that the spreadsheet is manually formatted for optimal printing. If the spreadsheet requiring redaction is not reasonably useable in TIFF format, the Parties shall meet-and-confer to determine a suitable production format.

   c. If redactions within a native spreadsheet are necessary, contact the receiving party to meet-and-confer to discuss the process, and provide a means to identify such documents in the production.

7

2. Media files (e.g., .mp3, .wmv, etc.) shall be produced in Native Format with a single placeholder image bearing the relevant Bates number and confidentiality designations.

3. The producing Party shall contact the receiving party to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review, Databases or Database reports, or any data not covered by the technical specifications in this protocol. This includes data collected from collaboration and chat applications such as Slack, Microsoft Teams, Jira, mobile device data, etc.

4. Any responsive files that cannot be accurately rendered in a reviewable TIFF format shall be produced in Native Format.

5. The receiving party may request native or color copies of any documents that cannot be accurately reviewed in black and white TIFF format. Reasonable requests for native or color documents shall not be refused.

6. If the producing party determines that color is necessary to allow for an accurate review of specific file types, they may produce those documents in color JPEG format.

F. **Load File Requirements.**

1. The parties will provide a Concordance compatible data Load File with each production volume that contains a header row listing the metadata fields included in the production volume.

2. Image Load Files shall be produced in Concordance/Opticon compatible format.

G.  **Extracted Text/OCR Requirements.**

1. Electronically extracted text must be provided for documents collected from electronic sources. Text generated via OCR must be provided when possible for all documents that do not contain electronically extractable text (e.g., non-searchable PDF files or JPG images) and for redacted and hard copy documents. The parties will not degrade the searchability of documents as part of the document production process.

2. Document text shall be provided as separate, document-level text files and not be embedded in the metadata Load File.

3. Text files shall be named according to the beginning Bates number of the document to which they correspond.

4. If a document is provided in Native Format, the text file shall contain the Extracted Text of the native file.

5. A path to each Extracted Text file on the delivery media shall be included in a Load File field, or in a separate cross-reference file.

H.  **Metadata.**  The Parties will produce the following metadata fields, where available:

1. **BegBates** -- Beginning Bates number.

2. **EndBates** -- Ending Bates number.

3. **BegAttach** -- Bates number of the first page of a family range.

4. **EndAttach** -- Bates number of the last page of a family range.

5. **PageCount** -- Number of pages in a Document.

6. **FileExtension** -- Original file extension as the Document was maintained in the ordinary course.

9

7. **FileSize** -- File size in bytes.

8. **DocTitle** -- Document title as stored in file metadata.

9. **DocSubject** -- Any value populated in the Subject field of the Document properties.

10. **Custodian** -- Primary custodian full name.

11. **AllCustodians** -- All custodians from whom a document was collected.

12. **Author** -- Document author information for non-email.

13. **Company** -- File company information.

14. **Email From**

15. **Email To**

16. **Email CC**

17. **Email BCC**

18. **Email Subject**

19. **Attachments** -- Name of attached file(s) as maintained in the ordinary course of business.

20. **IntMsgId**

21. **DateCreated** -- File date and time created MM/DD/YYYY HH:MM AM/PM.

22. **DateModified** -- File date and time modified MM/DD/YYYY HH:MM AM/PM.

23. **DateLastSaved** – File date and time last saved MM/DD/YYYY HH:MM AM/PM.

24. **DateSent** -- Email date and time sent MM/DD/YYYY HH:MM AM/PM.

25. **DateReceived** -- Email date and time received. MM/DD/YYYY HH:MM AM/PM.

26. **FileName** -- Name of the file as maintained in the ordinary course of business with extension.

27. **FilePath** – The full path to the original location of the file as maintained in the ordinary course of business.

28. **MD5Hash** -- The computer-generated MD5 Hash value for each Document.

29. **TextPath** -- The path to the corresponding text file for each record on the delivery media, including filename.

30. **NativePath** -- The path to the native-format file corresponding to the record on the delivery media, including the file name (if a native-format file is provided).

**III.** **Documents Protected from Discovery**

A. Documents that contain both privileged and non-privileged information shall be produced with the privileged information redacted in such a way as to show the location of the redaction within the Document.